And the next case on the calendar is Ciccotelli v. Deutsche Bank. Ernst Ciccotelli, Jr. Good morning. May it please the Court. I am Ernest Ciccotelli, plaintiff. Kagan Give me for the mispronunciation. Ciccotelli It happens all the time. Plaintiff, appellant pro se. And I want to reserve two minutes for rebuttal. This case concerns the Court. Roberts Just before you start, you are an attorney? Ciccotelli Yes, I am, Your Honor. Roberts Have you done any litigation? Just curious. Ciccotelli Yeah, a bit. I'm not, I've started, this is, this sort of thing has become the bulk of my practice. And therefore, the reason this case, this particular case is important to me is not only for my own purposes here, but also I have a number of other cases in Vermont with the, which will bring up the exact same issue, and, which is why I have to, it's very important to bring this to this Court. The case concerns how an innocuous bankruptcy court decision made in 1995, involving the word assignment, mutated into decisions by higher courts that have given the expansive protection to the financial institutions involved in the securitized home loan products, and has at the same time stripped home loan borrowers of their contractual and property rights under the mortgages that they grant those same institutions. Kagan This is the holding in Briggs that a mortgage assignment is not a conveyance? Roberts Yes, Your Honor, it is. Kagan In the meaning of section 341? Roberts Yes, Your Honor. And the first thing about using that in this particular case is that it simply says that an assignment is not, the holding that the district court used is that an assignment is not a conveyance of real estate or real property, which is true in that, which would be true if they said an assignment of a mortgage. But here, Briggs simply says an assignment. It leaves, it's ambiguous at that point. So we first have an ambiguous precedent that is used and given more legs later on by higher courts. Roberts There have been any subsequent decisions from any of the Vermont State courts that have disagreed with Briggs? Roberts Not that I'm aware of. So far, as a matter of fact, in the cases that, if I can bring in my experience as an attorney into this as well, other cases that I have brought this up in, it has become, in the State, at the State courts, in the trial courts, it has become an important issue and it has, my clients have prevailed. And that may be because in the, under Vermont law, and it's in several places, and I think I put this into my brief, it's under the State Constitution where it says all deeds and conveyances of real estate shall be recorded. It's all mandatory. Now, you have to sort of parse what a conveyance may be and we can get to that. But, and it's also in the statutes and under the, and you have to find that these things have been recorded. Roberts An assignment is not a conveyance of real estate. An assignment of a mortgage is not a conveyance of real estate. Roberts That's where we disagree. An assignment takes the exact same rights that a mortgagor has given, I'm going to call it the first mortgagee, in Vermont, being a title theory State, legal title to the property. So we have a contract between the mortgagor and the mortgagee. When you assign that contract, you now have a contract between the mortgageor and the subsequent mortgagee. When you're signing a mortgage, you're signing rights. You're not, there's no such thing. You can't, it's sort of a saying that you are transferring real estate, because in actuality, you're transferring rights. Roberts You claim that the failure to record the assignment somehow creates a cloud on title? Carvin Yes, Your Honor. Roberts Could you explain that? I mean, it's usually these things are recorded for the benefit of the creditor so that the world knows that indeed there is this mortgage. How does this create a problem for you? Carvin Okay. They are discussed. I mean, they're discussed that it's for the benefit of the creditor, but it is also for the benefit of the mortgagor as well. Without knowing the identity of who they're doing business with, how can a creditor possibly know, not just a creditor, but how can, if the person wants to, let's say, refinance, how is anyone going to find out who that creditor is doing business with, who they have a contract with, if only the first mortgage, the original mortgage? Roberts That original mortgage is still a matter of record. Carvin Yes, Your Honor. Roberts And so then that original mortgage comes ahead of the new creditor. So I'm not sure I see the problem. Carvin Okay. I'm talking, if you want to, and my practice originally started as helping and doing mortgage closings, if a new mortgagor, I mean, if a person, if a mortgagor is going to refinance, they're going to get rid of the old mortgage, pay it off, and all that sort of stuff. The new mortgagor is going to do a title search, and they'll only have notice of the original mortgagor. Without further notification, there's the defendant's, in this case, claim, there's constructive notice of that only means. Roberts But the speaker, I mean, could the assignment be recorded now? Carvin The validity of any recording is how promptly it's done after the ---  Sotomayor I mean, if there's a problem, I would--- Carvin Well--- Sotomayor why don't you just fix it by recording the assignment now? Carvin You could if the same mortgagor, if the same mortgagee is still there. But if, let's say, in the case of, in this particular case, the mortgage, the first mortgagor, mortgagee, is defunct. There is no, they're gone completely. Even there, there's nothing left to actually validate that there's an assignment because that's who does the assignment, not the party that it's been assigned to. They just record. But, well, actually, you could be right there. They could be. It could be in this case. And, in fact, part of the settlement included that that would happen, which it hasn't. And- Sotomayor Part of the settlement in your prior, earlier litigation? Carvin Correct. That was part of the settlement. And it has- Sotomayor It included an obligation, it included an agreement to record? Carvin Correct. And that was agreed to. But what becomes important, and I'm rushing because I only have 15 seconds, it's important that any subsequent potential mortgagee, that I know who I'm going to be who I have to approach, get a discharge. Peter Callahan Good morning. May it please the Court, I'm Peter Callahan from Party Flaherty Concord, New Hampshire, representing the Appalese. I think that there's never been a cloud on this title. Mr. Ciccatelli granted a mortgage in 2005. That mortgage is on record. It's recorded in compliance with Vermont law. And that really ends the question here. And there's not a single case in this country that Mr. Ciccatelli has found, or that any of us have found, that say that the failure to record an assignment of that mortgage constitutes a cloud on the title. And it's Hornbook law that a cloud on the title is an instrument that's recorded that casts doubt about the validity of the ownership or the title of that property. That's not the case here. The Briggs case has been cited by numerous jurisdictions across the country, bankruptcy courts and state courts and other federal courts on the district and circuit level. And they all hold the same thing, that there's no need to record an assignment of the mortgage. Can assignments of mortgages be recorded? And if so, are they usually recorded? Absolutely, they can be recorded. And I think the question of recording is when they're recorded. And typically, I don't do foreclosure work. I handle these cases when they get to this stage. Typically, the recording might occur in advance of the foreclosure as part of the giving of notice and actually taking steps to foreclose. Could the assignment here be recorded and the cases then moot? It could be recorded. I can't speak for my client on why they haven't or why they don't want to. But I don't know that there is a case to moot here. And it brings up another issue, Your Honor, which is an oddity with this case is that Mr. Ciccatelli is current on his mortgage. He's been current since that 2013 settlement. No one has taken steps to foreclose against him. No one has declared him in default. And I believe he's still current on his mortgage today. And there really shouldn't be a dispute or any justiciable controversy here. Payments go to whom? They go to the loan servicer, which Who in turn sends them to the assignee? To the trustee, yes. Yep. And Mr. Ciccatelli's mortgage in paragraph 20 states that he is to be given notice of who the loan servicer is, the entity that's going to collect the payments. Is this select portfolio servicing? Yes. And he was given that notice in 2013. I think he readily acknowledges that. No one else has sought to collect payments from him at any time here. And that earlier 2013 settlement, he stated that there was an obligation to record the assignment in that deal. I don't recall that. And I'm certainly not aware of anything that he's done. If that truly was an obligation in that settlement agreement, I think we could all be secure in believing that he would have been back in court demanding that that happen. And maybe making a claim for breach of the settlement agreement by those parties. There's no such claim that's ever been made. I don't think that that's anything that was part of that deal. But it certainly wasn't anything raised in the court below. And I think one other thing that the court started to touch on with Mr. Ciccatelli, and I think he fails to appreciate in his claim here, is that the Vermont Constitution and the recording statutes are all really dealing with, and the courts all say this when they take up these issues, they're dealing with putting bona fide third purchasers or third parties, putting them on notice of what the title is on this property and any liens or encumbrances. And that's the purpose for recording. But even in Vermont, if Mr. Ciccatelli is right about everything he's claiming, section 342 of the Vermont statutes say this mortgage and this assignment is still valid as to him. They're still valid as to the grantor. That's the plain language of section 342. So even if there was an obligation to record the assignment, and we fell short in complying with the statute, that might harm us with innocent or bona fide third parties. Doesn't change a thing with Mr. Ciccatelli. He's still obligated under the note and the mortgage that he signed. And one thing Judge Chin asked Mr. Ciccatelli about his history of practicing law. So I think there was an exchange with the district court about Mr. Ciccatelli's history of practicing real estate as an attorney. And he's represented parties in this type of mortgage foreclosure litigation in Vermont and in New Hampshire. He has experience in this area. And I think the district court addressed it properly. I don't see that Mr. Ciccatelli's asking for any relief or to be treated differently. But the Harbalack case that the district court cited was very clear that an attorney representing himself is not entitled to be treated like a pro se or self-represented party. And this court has upheld that line, I think, as recently as 2013 in continuing to hold attorneys to the standard of conduct that counsel are held to and not as pro se parties. I'm happy to respond to any of the court's questions if there's anything further. Otherwise, I'll sit and respectfully request that the court affirm the decision below. Thank you. The cloud that exists, and I've been calling it a cloud. It can be called any sort of flaw you want to use the name. Just like the word mortgage is used to mean both just the contract providing a security and the entire transaction with both creation of a debt and the security. The fact is, is that, for instance, a title search was done on my property. The title search shows that the only mortgagee that holds my mortgage is the defunct Long Beach mortgage home loan mortgage corporation. That's all that is shown. It took litigation for me to find out the identity of who actually, after Long Beach, the identification of the trust and trustee, and that was- Your obligation is to make your payments to the servicing company. Now, I didn't even, when I first started that litigation, I didn't even know what a servicer was. I kept on thinking it was odd that- Well, knowing what you know now, is that- Now, knowing now that there is a servicer, yes. Now I have to wonder, why do we have to have services, because services are not, have no contractual liability. If you look at a pooling and servicing- You're making your payments to the servicing company, and you're continuing to do so, apparently. Even though- That's- The original holder of the mortgage is defunct. I'm only doing that because, well, I now know that it's Long Beach, I'm not Long Beach, I now know that it's Deutsche Bank National Trust is the trustee, and there's, you know, an alphabet soup name that's the trust. I also know that actually the people that are getting the money, supposedly, are a bunch of investors who bought shares in that trust. And supposedly that was where the money came from that I borrowed. I don't know if that's actually true, because I haven't, I actually wanted to do discovery on that, and that was part of my amendment, was that it's now been denied because of this dismissal. I wasn't aware that these trusts are common law trusts, which means that they don't exist in real life. They are simply agreements, and yet they're owners of things, and that's kind of an impossibility as well. Forgetting that, for these purposes, when I had the title search done, there was no other parties. Now, I have no contractual relationship, no one does, with their servicer, because the servicer is under a contract to the trustee and to the trust, not to the borrower. So, the servicer has no obligation, you can't get redress if they do anything wrong. You have to go after their boss, which is the trustee. And if you look at pooling and servicing agreements, you will see they are not allowed to actually even do anything except foreclose on any default. And in my case, Mr. Callahan is wrong, the current servicer has threatened that they will consider me in default over insurance issues, which I have never also not had my insurance, but paperwork gets lost and it's always the borrower who's responsible for making sure everything's right with the servicers. Servicers always never want to help anybody, and they can't, actually. That's the pooling and servicing agreement. So, I'm asking this Court to understand that an assignment is an assignment of a mortgage, is an assignment of an interest in real property, title, all the so on and so forth, and that it must be recorded, because it transfers whatever any other mortgage or ID transfers. Thank you. Thank you both for your arguments, and we'll take the matter under submission. Nicely argued, Mr. Ciccatelli. That is the last case on the calendar for this morning, except for the matter on submission, so I'll ask the clerk to adjourn court.